IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALBERT GIBBONI, | : | |
| --- | --- | --- |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-2629 |
| v. | : | |
| | : | |
| HYATT CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION

**Slomsky, J.**                                                                                            **March 22, 2011**

### I.      INTRODUCTION

Before the Court is Plaintiff Albert Gibboni's Motion to Remand (Doc. No. 4). On June 2, 2009, Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Defendants Hyatt Corporation, Global Hyatt Corporation (collectively "Hyatt Defendants"), and Bernadette Gibboni, alleging claims of negligence for injuries sustained when he slipped and fell. (Doc. No. 1, Ex. A.) On June 2, 2010, Hyatt Defendants filed a Notice of Removal (Doc. No. 1). After removal, Plaintiff filed a Motion to Remand to State Court (Doc. No. 4). Hyatt Defendants then filed a response in opposition to the Motion to Remand (Doc. No. 7). Defendant Gibboni also filed a response to the Motion to Remand (Doc. No. 9). Subsequently, Plaintiff filed a reply to Hyatt Defendants' response (Doc. No. 12).

In Count I of the Second Amended Complaint, Plaintiff alleges negligence against Hyatt Defendants. (Doc. No. 1, Ex. C ¶¶ 35-40.) In Count II, Plaintiff alleges negligence against Defendant Gibboni. (Id. ¶¶ 41-46.) Hyatt Defendants removed the action to this Court based on

diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, claiming that Defendant Bernadette Gibboni is a nominal party who has been named solely to defeat diversity of citizenship jurisdiction and that under the Doctrine of Fraudulent Joinder, she should be disregarded for purposes of determining diversity jurisdiction. (Doc. No. 1 ¶¶ 19-21.) For reasons that follow, the Court will grant the Motion to Remand the case to the Court of Common Pleas of Philadelphia County.

## II.     FACTUAL BACKGROUND

Plaintiff Albert Gibboni and his wife, Defendant Bernadette Gibboni, were celebrating their wedding anniversary in Cancun, Mexico. (Doc. No. 1, Ex. C ¶ 15.) On July 5, 2008, upon arrival at the Hyatt Cancun, the couple was led to their room by a hotel employee. (Id. ¶ 32.) Prior to entering the room, Plaintiff slipped and fell on a slippery surface and sustained severe injuries. (Id. ¶ 33.) He suffered injuries to his neck, back, spine, and cervical vertebrae, and as a result Plaintiff has undergone physical pain, aches, mental anxiety, inconveniences, loss of life's pleasures, lost wages and impairment of future earning capacity. (Id. ¶¶ 37-40.) The Second Amended Complaint alleges that his injuries were jointly and/or severally caused by the conduct of Hyatt Defendants for, among other things, creating a dangerous slip and fall condition, failing to prevent and/or eliminate the dangerous condition, and failing to warn Plaintiff of a dangerous condition. The same Complaint also states that Defendant Bernadette Gibboni jointly and/or severally caused injuries to Plaintiff when she obscured his view of the slippery condition, and further failed to alert him to the dangerous condition. (Id. ¶ 42.)

Plaintiff is a citizen of Pennsylvania, Hyatt Defendants are incorporated in Delaware with their principal place of business in Illinois, and Defendant Gibboni is a citizen of Pennsylvania.

(Id. ¶¶ 1-5.) On June 2, 2010, despite lack of diversity of citizenship among Plaintiff and every Defendant, Hyatt Defendants filed a Notice of Removal based on the allegation that Defendant Gibboni was fraudulently joined and should be disregarded for diversity jurisdiction purposes. (Doc. No. 1 ¶ 21.) Specifically, Hyatt Defendants submit that the facts do not give rise to any colorable claim against Defendant Gibboni, and that Plaintiff has no real intention to pursue the case against her. (Doc. No. 1 ¶¶ 15-17.)

## III. LEGAL STANDARD

A defendant may remove a civil action from state court if the case could have been originally brought in federal court. 28 U.S.C. § 1441(a). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d. Cir. 2006). A case removed to federal court may be remanded to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). Removal statutes should be strictly construed "against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

## IV. DISCUSSION

Hyatt Defendants removed this action based upon diversity of citizenship jurisdiction. However, Plaintiff and Defendant Gibboni are both citizens of Pennsylvania. Hyatt Defendants recognize this fact and contend that Defendant Gibboni has been fraudulently joined in this

action and should be disregarded for purposes of determining diversity jurisdiction. In the Motion to Remand, Plaintiff contends that Defendant Gibboni is not fraudulently joined and the matter should be remanded to state court.

"In the absence of a substantial federal question[,] the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Briscoe, 448 F.3d at 217 (quoting Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992)). If the court finds that the non-diverse defendant was fraudulently joined, "the court can disregard, for jurisdictional purposes, the citizenship of certain [non-diverse] defendants, assume jurisdiction over a case, dismiss the [non-diverse] defendants, and thereby retain jurisdiction.'" Briscoe, 448 F.3d at 216 (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). If, however, the court determines the joinder was not fraudulent, the removed action must be remanded to state court. Briscoe, 448 F.3d at 216 (citing 28 U.S.C. § 1447c).

A defendant is fraudulently joined "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Briscoe, 448 F.3d at 216 (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 32 (3d Cir. 1985)). However, in seeking to demonstrate fraudulent joinder of the non-diverse defendant, the removing defendant "carries a heavy burden of persuasion." Batoff, 977 F.2d at 851. "'[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court.'" Id. (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "Where there are colorable claims or defenses asserted against or by diverse and non-diverse

defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." Batoff, 977 F.2d at 851 (internal citation and quotation marks omitted).

In evaluating whether a defendant was fraudulently joined, the court:

> must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the state of controlling substantive law in favor of the plaintiff.

Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52). The Third Circuit has emphasized that the district court must not conduct a merits determination within the context of a fraudulent joinder inquiry, and must be careful not to delve too deeply into substantive matters:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.

Batoff, 977 F.2d at 852; see Briscoe, 488 F.3d at 217-18 (citing and discussing Batoff).

Accordingly, unless a plaintiff's claims against the non-diverse defendant can be deemed "wholly insubstantial and frivolous," the joinder will not be considered fraudulent. Briscoe, 488 F.3d at 218. Put differently, "a finding of fraudulent joinder is usually reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility. Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant." West v. Marriott Hotel Services, Inc. & LWC Services, Inc., No. 10-4130, 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010).

Here, Hyatt Defendants argue that Defendant Gibboni is fraudulently joined because there is no colorable claim against her under Mexican law given the factual allegations in the Complaint,[1] and further because Plaintiff has not shown a good faith intent to prosecute the action against Defendant Gibboni.

    i.    <u>A Colorable Claim Exists Under Mexican Tort Law</u>

In order to make a determination as to whether there is a colorable claim asserted against Defendant Gibboni, the Court must turn to the substance of Mexican tort law.[2] Unlike tort law in the United States, where evolving legal precedent has created relatively precise and technical standards to apply to various claims, tort law in Mexico is not as precisely defined and predicting liability can be a complex task, particularly for an American court. See Jorge A. Vargas,

---

[1] For purposes of the Motion to Remand and fraudulent joinder analysis, the Court will assume that Mexican tort law applies. "A federal court cannot engage in a choice of law analysis where diversity jurisdiction is not first established." Moorco International, Inc. v. Elsag Bailey Process Automation, N.V., 881 F. Supp. 1000, 1003 (E.D. Pa. 1995) (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 33 n.10 (3d Cir. 1985)). The substantive law of plaintiff's asserted jurisdiction should be applied if there is any doubt regarding what substantive law controls, as long as the suggestion has a colorable basis. Id. Pennsylvania's choice of law test is based on which forum has the greatest interest in the problem. See Moorco, 881 F. Supp. at 1004.

    In the instant Motion to Remand, Plaintiff applies Mexican tort law in its analysis. (Doc. No. 4-2 at 21.) There is a colorable basis to apply the substantive law of Mexico because the incident in question occurred in Mexico, and under a choice of law analysis, the location of the tort is a major factor to consider. Moreover, in the Response in Opposition to the Motion to Remand, Hyatt Defendants agree that Mexican law applies. (Doc. No. 7-1 at 13.)

[2] In determining foreign law, the Court may consider any relevant material or source, including what was submitted by the parties. Fed. R. Civ. P. 44.1. The Court may engage in its own independent investigation to amplify material submitted. See Moore's Federal Practice § 44.1.04[3] (3d ed. 2010). The Court has considered the discussion of Mexican tort law submitted by both parties, along with its own independent investigation of the pertinent law, and finds that the claim against Defendant Gibboni is not "wholly insubstantial and frivolous," and is therefore colorable. Briscoe, 488 F.2d at 218.

*Mexican Law and Personal Injury Cases: An Increasingly Prominent Area for U.S. Legal Practitioners and Judges*, 8 SAN DIEGO INT'L L.J. 475 (2007); see also Zermeno v. McDonnell Douglas Corp. et al., 246 F. Supp. 2d 646, 656 (S.D. Tex. 2003). The controlling Mexican law for liability in personal injury matters is codified in Chapter V of the Federal Civil Code, Article 1910, which states: "Whoever, by acting illicitly or against the good customs, causes damage to another shall be obligated to compensate him/her, unless he/she can prove that the damage was caused as a result of the fault or inexcusable negligence of the victim."

A court in Mexico is afforded discretion based upon the evidence to make a ruling in regard to the seriousness of the injury, the presence or absence of contributory negligence, the amount of damages, the amount of indemnification, and the award of moral damages. Vargas, 8 SAN DIEGO INT'L L.J. at 496. The standards for evaluating liability are inexact, as there are no legal definitions provided by code or statute for the terms "fault," "negligence," or "inexcusable negligence." Vargas, 8 SAN DIEGO INT'L L.J. at 500.

Here, Plaintiff has alleged in the Second Amended Complaint that while being escorted to his room at the hotel he slipped and fell on a slippery surface and sustained serious injuries. Plaintiff asserts that the negligence of Defendant Gibboni was jointly and/or severally the cause of the fall and the resulting injuries. Specifically, Plaintiff alleges that Defendant Gibboni was negligent by obscuring Plaintiff's view of the dangerous slip and fall condition, and further, by failing to alert Plaintiff of the dangerous condition. Assuming the truth of these allegations, the act of obscuring someone's view or not warning someone of a dangerous condition could amount to "illicit" conduct or be against "good customs."

Hyatt Defendants dispute this conclusion and contend that Defendant Gibboni's conduct

did not fall below the requisite standard of care for a person in the same position. (Doc. No. 7-1 at 18.) However, at this stage of the litigation, the Court is not permitted to engage in a merits determination by evaluating her conduct under the pertinent standard of care. Moreover, based upon the facts alleged against her in the Complaint and the applicable standard of care, there is a possibility that the state court would find that the Complaint states a cause of action against Defendant Gibboni. See Batoff 977 F.2d at 851.

Again, at this stage the Court will not conduct a merits determination or decide whether the claim would survive a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Briscoe, 488 F.3d at 217-18. Rather, the Court must only determine if there is even a possibility that a state court could find a cause of action against Defendant Gibboni. Batoff, 977 F.2d at 851. Based upon the above analysis of the law and facts, it is evident that Plaintiff's claim against Defendant Gibboni is not "wholly insubstantial and frivolous" Briscoe, 488 F.3d at 218, particularly given the complex, discretionary and inexact nature of Mexican tort law. As such, Plaintiff has established a colorable claim of negligence against Defendant Gibboni, and therefore she is not fraudulently joined. For this reason and the lack of diversity of citizenship jurisdiction, the case will be remanded to state court.

    ii.    Plaintiff Has Shown Real Intention To Prosecute The Claim Against Defendant Gibboni

Hyatt Defendants also contend that Defendant Gibboni was fraudulently joined because Plaintiff does not have a good faith intention to prosecute the claim against her. The Third Circuit has held that district courts may look beyond the pleadings "to identify indicia of fraudulent joinder." Briscoe, 488 F.3d at 218. In certain cases, a court may "pierce the

pleadings" in order to determine whether Plaintiff exhibited a subjective intent to prosecute the action against the non-diverse defendant. Weaver v. Conrail, Inc. et al., No. 09-5592, 2010 WL 2773382, at *6 (E.D. Pa. July 13, 2010); see Abels, 770 F.2d 26. In doing so, the Third Circuit has cautioned that the "district court must not step from a threshold jurisdictional issue into a decision on the merits." Briscoe, 488 F.3d at 218. (internal citation and quotation marks omitted).

In support of their argument that Plaintiff lacks a real intention to prosecute, Hyatt Defendants set forth a number of allegations about the litigation process in an attempt to establish that Defendant Gibboni was not being treated like a defendant. (Doc. No. 7-1 at 6-12.) For example, Hyatt Defendants maintain that Defendant Gibboni is the wife of Plaintiff and was actively involved in seeking and hiring Plaintiff's counsel; she was present at meetings between Plaintiff and his attorneys even after she was sued; the parties are deliberately attempting to conceal evidence regarding Defendant Gibboni's finances because she has no separate assets and Plaintiff has no intent to collect a judgment from her; Defendant Gibboni failed to answer the Complaint for eleven months yet Plaintiff never sought a default judgment; Defendant Gibboni was not properly served with various pleadings and correspondence throughout the first year of litigation; and that Plaintiff has not served any written discovery requests on Defendant Gibboni.

The Court is not persuaded by these arguments that Plaintiff does not have a good faith intention to pursue this case against Defendant Gibboni. Hyatt Defendants have not satisfied their heavy burden of persuasion to show lack of a good faith intention to prosecute this case against her, and all doubts are to be resolved in favor of remand. See Batoff, 977 F.2d at 851. The question before the Court is whether Plaintiff has a real intention to prosecute or seek

judgment against Defendant Gibboni. When Plaintiff was deposed he was asked "[d]o you intend to collect any money against [Defendant Gibboni] if there is some type of award in your favor against her?" to which Plaintiff responded, "Yes." (Albert J. Gibboni "Plaintiff" Deposition, 5/17/2010, 110:24-25, 111:1-3.) Further, Plaintiff stated that Defendant Gibboni was at fault because "she knew that there was water there and didn't say anything to me to watch out." (Id. at 107:2-6.) The deposition of Defendant Bernadette Gibboni, as well as the statements of counsel at the hearing on the Motion to Remand, indicate that Defendant Gibboni has a separate insurance policy and that she sought representation through her insurance company for a period of time before acquiring her current lawyer. (Bernadette Gibboni Deposition, 5/14/2010, 155-156.) She is not represented by the same lawyer who represents her husband, Plaintiff Albert Gibboni.

An examination of the evidence under a fraudulent joinder analysis reveals that Plaintiff has shown an intent to prosecute the claim against Defendant Gibboni. While she may have been involved in the selection of Plaintiff's counsel and attended meetings that generally would not involve a defendant in a case, the fact that Plaintiff believes her to be at fault, named her as a defendant and is pursuing an award against her under her insurance policy all show a real intention to prosecute the case against her. Given Plaintiff's severe injuries, it does not seem unusual that he would desire the companionship and assistance of his wife in the selection of and at meetings with counsel, regardless of the fact that she is a named defendant and he believes she is partially to blame for his accident. Hyatt Defendants have not met their heavy burden of persuasion on whether there is a good faith intent to prosecute the case against Defendant Gibboni, as removal statutes are to be strictly construed against removal and all doubts are

resolved in favor of remand. Briscoe,, 488 F.3d 201; Batoff, 977 F.2d 848. Consequently, the Court cannot conclude that Plaintiff has no real intent to prosecute the action against Defendant Gibboni and that she was fraudulently joined as a defendant. For this additional reason the case will be remanded to state court.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that a state court may conclude that the Complaint states a cause of action against Defendant Gibboni and that her joinder is proper. It follows that there is no complete diversity of citizenship of the parties and that this case cannot be heard in federal court. The Court will grant Plaintiff's Motion to Remand this case to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.